UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VERNITA MIRACLE-POND and
SAMANTHA PARAF, individually and
on behalf of all others similarly situated,

    Plaintiffs,

    v.

SHUTTERFLY, INC.,

    Defendant.

Civil Action No. 1:19-cv-4722

## DEFENDANT SHUTTERFLY INC.'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Shutterfly, Inc. ("Shutterfly"), by and through its undersigned counsel, removes the above-captioned action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1441(a), 1446, and 1453, on the ground that federal jurisdiction exists under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A).

## I. BACKGROUND

1. On June 11, 2019, plaintiffs Vernita Miracle-Pond and Samantha Paraf, individually and on behalf of all others similarly situated, filed this action, captioned *Miracle-Pond, et al. v. Shutterfly, Inc.*, in the Circuit Court of Cook County, Illinois, and the case was docketed at 2019-CH-07050. A true and correct copy of plaintiffs' complaint and summons are attached hereto as Exhibits 1 and 2, respectively.

2. Counsel for Shutterfly executed and returned a Notice and Acknowledgement of Receipt of the Summons and Complaint pursuant to 735 ILCS 5/2-213 on July 12, 2019, a true and correct copy of which is attached hereto as Exhibit 3.

3. Plaintiffs allege that they "brings [sic] this action for damages and other legal and equitable remedies resulting from the illegal actions of Shutterfly in collecting, storing, and using Plaintiffs' and other similarly situated individuals' biometric identifiers and biometric information . . . without informed written consent." Ex. 1 at ¶ 1. The sole cause of action alleged in the complaint is for alleged violations of the Illinois Biometric Information Privacy Act ("BIPA"). *Id*. at ¶¶ 39-50. Among other purported violations, plaintiffs allege that Shutterfly failed "to store and protect from disclosure the biometric identifiers and biometric information of Plaintiffs and class members by failing to exercise a reasonable standard of care within Shutterfly's industry, and in a manner at least as protective as the manner in which the business stores, transmits, and protects other confidential and sensitive information." *Id*. at ¶ 47. Plaintiffs also allege "[u]pon information and belief" that "Shutterfly is selling, leasing, trading, or otherwise profiting from Plaintiffs' and Class members' biometric identifiers and/or biometric information." *Id*. at ¶ 48.

4. Plaintiffs seek relief on behalf of a purported class of "[a]ll Illinois citizens who had their biometric identifiers, including scans of face geometry and related biometric information, collected, captured, received, or otherwise obtained by Shutterfly from photographs uploaded to Shutterfly within the state of Illinois.'" Ex. 1 at ¶ 34. Plaintiffs allege that the number of persons within the putative class "is substantial, believed to amount to thousands or even millions of persons." *Id.* at ¶ 35.

5. The complaint seeks certification of the putative class, declaratory relief, statutory damages of $5,000 for any intentional and reckless violation of BIPA and $1,000 for any negligent violation of BIPA, injunctive and other equitable relief, reasonable litigation expenses and attorneys' fees, and pre- and post-judgment interest. Ex. 1 at Prayer for Relief; ¶ 50.

6. Shutterfly has not yet filed an answer or responsive pleading to the complaint.

## II. JURISDICTIONAL REQUIREMENTS SATISFIED

7. CAFA sets forth three requirements to invoke federal jurisdiction: (1) a class action comprised of 100 or more members, (2) in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and (3) in which the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(2), (d)(5). All three requirements are satisfied here.

### A. This Case Is A Putative Class Action Comprised Of At Least 100 Members

8. The action is a "class action" as defined in 28 U.S.C. § 1332(A)(1)(B) and, as noted above, plaintiffs allege that the members of the putative class "amount to thousands or even millions of persons." Ex. 1 at ¶ 35.

### B. Minimal Diversity Exists Pursuant To 28 U.S.C. § 1332(d)(2)(A)

9. Shutterfly is a Delaware corporation with its headquarters and principal executive offices at 2800 Bridge Parkway, Redwood City, California. Ex. 1 at ¶ 9. For purposes of diversity jurisdiction, Shutterfly is a citizen of Delaware and California. 28 U.S.C. § 1332(c)(1).

10. Plaintiffs allege that they and the putative class members are Illinois citizens. Ex. 1 at ¶¶ 7-8, 34.

11. Based on the foregoing, minimal diversity exists because at least one member of the putative class is a citizen of a different state than Shutterfly. *See* 28 U.S.C. § 1332(d)(2)(A).

### C. The Amount In Controversy Exceeds $5,000,000

12. Under CAFA, the claims of the individual class members are aggregated to determine whether the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2), (d)(6). A party removing under CAFA need only establish that the amount in controversy exceeds the jurisdictional minimum by a

preponderance of the evidence. *See Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017). The question is not whether damages *will be* greater than $5 million, but only whether "a fact-finder *might* conceivably lawfully award" damages greater than $5 million. *Id.* at 583 (emphasis in original). The removing party's burden is a mere "pleading requirement, not a demand for proof." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011).

13. While Shutterfly denies the claims alleged in plaintiffs' complaint and further denies that plaintiffs, or any putative class member, are entitled to any monetary or other relief, on a classwide basis or otherwise, the amount in controversy here satisfies the jurisdictional threshold. Plaintiffs seek statutory damages of up to $5,000 per violation from Shutterfly for each putative class member (*see* Ex. 1 ¶ 50), and allege that there are "thousands or even millions of persons" in the class. *Id.* at ¶ 35. Multiplying $5,000 for each putative class member by just two "thousand[]" putative class members (the bare minimum putative class size alleged based on plaintiffs' allegation that there are "thousands" of class members) yields an amount in controversy of $10 million—well in excess of $5 million. And, of course, if the putative class size is even larger, as plaintiffs' allegation that there may be "millions of persons" in the putative class indicates, the amount in controversy would exceed the $5 million CAFA threshold many times over.

14. Thus, Shutterfly has made a showing that, if plaintiffs prevail, recovery in this action "*might* conceivably" exceed the mandatory minimum threshold for jurisdiction under CAFA. *Roppo*, 869 F.3d 583.

15. Because this is (1) a putative class action comprised of 100 or more members, (2) in which any member of the putative class is a citizen of a state different from the defendant's state of citizenship, and (3) the aggregate amount of damages sought is in excess of $5 million,

this case falls within the subject matter jurisdiction of this Court pursuant to 28 U.S.C. § 1332 and is therefore removable pursuant to 28 U.S.C. § 1441.

**III.    OTHER STATUTORY REQUIREMENTS FOR REMOVAL ARE SATISFIED**

16.    Plaintiffs filed this action in the Circuit Court of Cook County, Illinois. Venue is proper in the United States District Court for the Northern District of Illinois, Eastern Division, because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

17.    No previous application has been made for the relief requested herein.

18.    As required by 28 U.S.C. § 1446(a), copies of all process and pleadings served upon Shutterfly are attached as exhibits hereto.

19.    This notice of removal is timely pursuant to 28 U.S.C. § 1446(b)(1).

20.    As required by 28 U.S.C. § 1446(d), Shutterfly will promptly file a copy of this Notice of Removal with the Circuit Court of Cook County, Illinois, County Department, Chancery Division and serve copies of the same on all parties to this action.

WHEREFORE, Shutterfly respectfully removes this action from the Circuit Court of Cook County, Illinois, docketed at 2019-CH-07050, to this Court.

DATED: July 12, 2019	Respectfully submitted,

By: _/s/ *Matthew D. Provance*

MAYER BROWN LLP
Lauren R. Goldman
Michael Rayfield*
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 506-2647
lrgoldman@mayerbrown.com
mrayfield@mayerbrown.com

John Nadolenco*
350 South Grand Avenue
25th Floor
Los Angeles, CA 90071
Telephone: (213) 229-9500
jnadolenco@mayerbrown.com

Matthew D. Provance
71 S. Wacker Drive
Chicago, IL 60606
mprovance@mayerbrown.com
Telephone: (312) 782-0600

*Attorneys for Defendant Shutterfly, Inc.*
**pro hac vice* application to be filed*

6