# Exhibit 1

Return Date: No return date scheduled
Hearing Date: 10/10/2019 10:00 AM - 10:00 AM
Courtroom Number: 2601
Location: District 1 Court
          Cook County, IL

FILED
6/11/2019 2:27 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH07050

5373903

FILED DATE: 6/11/2019 2:27 PM  2019CH07050

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

VERNITA MIRACLE-POND and SAMANTHA PARAF, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

SHUTTERFLY, INC., a Delaware corporation,

**Serve Registered Agent:**
  **Shutterfly, Inc.**
  **2800 Bridge Parkway**
  **Redwood City, CA 94065**

Defendant.

Case No.

2019CH07050

(JURY TRIAL DEMANDED)

## CLASS ACTION COMPLAINT

NOW COMES Plaintiffs Vernita Miracle-Pond and Samantha Paraf (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, by and through their attorneys, bring this class action complaint pursuant to 735 ILCS 5/2-801, *et seq.*, against Defendant Shutterfly, Inc. ("Shutterfly"), for violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), and allege as follows:

### NATURE OF ACTION

1. Plaintiffs brings this action for damages and other legal and equitable remedies resulting from the illegal actions of Shutterfly in collecting, storing, and using Plaintiffs' and other

FILED DATE: 6/11/2019 2:27 PM 2019CH07050

similarly situated individuals' biometric identifiers[1] and biometric information[2] (collectively, "biometrics") without informed written consent, in direct violation of BIPA.

2. The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id.*

3. In recognition of these concerns over the security of individuals' biometrics – particularly in the City of Chicago, which was recently selected by major national corporations as a "pilot testing site[] for new applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias" (740 ILCS 14/5(b)) – the Illinois Legislature enacted the BIPA, which provides, *inter alia*, that a private entity like Google may not obtain and/or possess an individual's biometrics unless it: (1) informs that person in writing that biometric identifiers or information will be collected or stored, *see id.*; (2) informs that person in writing of the specific purpose and length of term for which such biometric identifiers or biometric information is being collected, stored and used, *see id.*; (3) receives a written release from the person for the collection of his or her biometric identifiers or information, *see id.*; and (4) publishes publically available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a).

---

[1] A "biometric identifier" is any personal feature that is unique to an individual, including fingerprints, iris scans, DNA and "face geometry," among others.
[2] "Biometric information" is any information captured, converted, stored, or shared based on a person's biometric identifier used to identify an individual.

2

FILED DATE: 6/11/2019 2:27 PM 2019CH07050

4. In direct violation of each of the foregoing provisions of § 15(a) and § 15(b) of the BIPA, Shutterfly is actively collecting, storing, and using – without providing notice, obtaining informed written consent or publishing data retention policies – the biometrics of millions of unwitting individuals whose faces appear in photographs uploaded to Shutterfly in Illinois.

5. Specifically, Shutterfly has extracted, collected, and stored millions of "scans of face geometry" – highly detailed geometric maps of the face, as well as other unique facial biometric information – from every individual who appears in a photograph uploaded to Shutterfly. Shutterfly collects these scans of face geometry using sophisticated facial recognition technology that extracts and analyzes data from the points and contours of faces appearing in photos uploaded by its users. Each scan of face geometry is unique to a particular individual, in the same way that a fingerprint or voiceprint uniquely identifies one and only one person.

6. Plaintiffs bring this action individually and on behalf of all others similarly situated to prevent Shutterfly from further violating the privacy rights of both users and non-users of Shutterfly whose photos are uploaded to Shutterfly from within the state of Illinois, and to recover statutory damages for Shutterfly's unauthorized collection, storage, and use of these individuals' biometrics in violation of BIPA.

**PARTIES**

7. Plaintiff Vernita Miracle-Pond is a resident and citizen of Cook County, Illinois. Plaintiff Miracle-Pond has a Shutterfly account and her face appears in photographs uploaded to Shutterfly within Illinois.

8. Plaintiff Samantha Paraf is a resident and citizen of Cook County, Illinois. Plaintiff Paraf does not and has not ever had a Shutterfly account, and her face appears in photographs uploaded to Shutterfly within Illinois.

3

9. Defendant Shutterfly, Inc. is a Delaware corporation with its headquarters and principal executive offices at 2800 Bridge Parkway, Redwood City, California 94065. Shutterfly is a citizen of the states of Delaware and California. Upon information and belief, Shutterfly provides its online services to thousands, if not millions, of Illinois residents.

**JURISDICTION AND VENUE**

10. This is a class action complaint for violations of BIPA (740 ILCS 14/1, *et seq.*), seeking statutory and actual damages.

11. No federal question is presented by this complaint. Plaintiff brings this complaint solely under state law and not under federal law, and specifically not under the United States Constitution, nor any of its amendments, nor under 42 U.S.C. § 1981 or 1982, nor any other federal statute, law, rule, or regulation. Plaintiff believes and alleges that a cause of action exists under state law for the conduct complained of herein.

12. This class action is brought on behalf of only Illinois citizens residing within the State of Illinois whose biometric information was uploaded to Shutterfly within the State of Illinois.

13. Venue is proper under 735 ILCS 5/1-108 and 2-101 of the Illinois Code of Civil Procedure, as a substantial portion of the transactions giving rise to the causes of action pleaded herein occurred in Cook County. Specifically, upon information and belief, Shutterfly's collection a of numerous Plaintiffs' and class members' biometric information occurred within Cook County, Illinois.

**FACTUAL BACKGROUND**

**I. Biometric Technology Implicates Consumer Privacy Concerns**

14. "Biometrics" refers to unique physical characteristics used to identify an individual. One of the most prevalent uses of biometrics is in facial recognition technology, which works by scanning a human face or an image thereof, extracting facial feature data based on specific "biometric

4

identifiers" (*i.e.*, details about the face's geometry as determined by facial points and contours), and comparing the resulting "face template" (or "faceprint") against the face templates stored in a "face template database." If a database match is found, an individual may be identified.

15. The use of facial recognition technology in the commercial context presents numerous consumer privacy concerns. During a 2012 hearing before the United States Senate Subcommittee on Privacy, Technology, and the Law, U.S. Senator Al Franken stated that "there is nothing inherently right or wrong with [facial recognition technology, but] if we do not stop and carefully consider the way we use [it], it may also be abused in ways that could threaten basic aspects of our privacy and civil liberties."[3] Senator Franken noted, for example, that facial recognition technology could be "abused to not only identify protesters at political events and rallies, but to target them for selective jailing and prosecution."[4]

16. The Federal Trade Commission ("FTC") has raised similar concerns, and recently released a "Best Practices" guide for companies using facial recognition technology.[5] In the guide, the Commission underscores the importance of companies' obtaining affirmative consent from consumers before extracting and collecting their biometric identifiers and biometric information from digital photographs.

17. As explained below, Shutterfly made no effort to obtain consent from anyone when it introduced its facial recognition technology. Not only do Shutterfly's actions fly in the face of FCC guidelines, they also violate individuals' privacy rights under BIPA.

---

[3] *What Facial Recognition Technology Means for Privacy and Civil Liberties: Hearing Before the Subcomm. on Privacy, Tech. & the Law of the S. Comm. on the Judiciary*, 112th Cong. 1 (2012), *available at* https://www.eff.org/files/filenode/jenniferlynch_eff-senate-testimony-face_recognition.pdf (last visited Mar. 1, 2016).
[4] *Id.*
[5] *Facing Facts: Best Practices for Common Uses of Facial Recognition Technologies*, Federal Trade Commission (Oct. 2012), *available at* http://www.ftc.gov/sites/default/files/documents/reports/facing-facts-best-practices-common-uses-facial-recognition-technologies/121022facialtechrpt.pdf (last visited Mar. 1, 2016).

5

**II. Illinois's Biometric Information Privacy Act**

18. In 2008, Illinois enacted BIPA due to the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information." Illinois House Transcript, 2008 Reg. Sess. No. 276. BIPA makes it unlawful for a company to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers[6] or biometric information, unless it first:

> (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;
>
> (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
>
> (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative."

740 ILCS 14/15 (b).

19. Section 15(a) of BIPA also provides:

> A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

740 ILCS 14/15(a).

20. As alleged below, Shutterfly's practices of collecting, storing and using, without obtaining informed written consent, the biometric identifiers and information of individuals appearing in photos uploaded within Illinois violate all three prongs of § 15(b) of BIPA. Shutterfly's failure to provide a publicly available written policy regarding its schedule and guidelines for the

---

[6] BIPA's definition of "biometric identifier" expressly includes information collected about the geometry of the face (i.e., facial data obtained through facial recognition technology). *See* 740 ILCS 14/10.

6

FILED DATE: 6/11/2019 2:27 PM 2019CH07050

retention and permanent destruction of individuals' biometric identifiers and information also violates § 15(a) of BIPA. Shutterfly's violations of BIPA infringed on the right to privacy, expressly recognized by the Illinois legislature, of the individuals whose biometrics were illegally collected.

### III. Shutterfly Violates Illinois's Biometric Information Privacy Act

21. In a slideshow released by Shutterfly to accompany its Q2 2013 earnings conference call, Shutterfly claimed that, as of mid-2013, its users store "~20 billion photos" in the company's photo database, and that its facial recognition technology – at the time only utilized on a site called "ThisLife" – identifies people appearing in those photos by way of "photo ranking algorithms" and "advanced image analysis."[7] Shutterfly's website further explains that its photo storage and sharing platform "make[s] face tagging quick and easy with our facial recognition [technology],"[8] which "automatically recognizes faces (even babies and kids!) and puts them in groups to make it fast and easy for you to tag."[9]

22. Shutterfly claims that, as of December 31, 2015, it hosted approximately 28 billion photos, uploaded by roughly 9.8 million users.[10]

23. Throughout 2016, Shutterfly has been implementing its facial recognition technology from its ThisLife platform into its entire collection of websites. Shutterfly says that its facial recognition technology allows users to "[g]ather and organize [] photos and videos so [as to] easily find, share and transform them into personalized photo books, cards, home decor and gifts,"[11]

---

[7] *See* http://files.shareholder.com/downloads/SHUT/267971935x0x681010/36F643F1-5FC2-4E47-BFE3-AB8BBF7A91DE/Q2FY13_Earnings_Presentation.pdf (accessed June 12, 2015).
[8] *See* http://blog.thislife.com/post/65531549805/introducing-the-new-thislife-r-by-shutterfly (accessed June 12, 2015).
[9] *See* https://www.thislife.com/#features (accessed June 12, 2015).
[10] *See* http://files.shareholder.com/downloads/SHUT/2193147151x0x892644/7F50F500-2FCB-4291-8AD0-2655EE4191C0/Shutterfly_Needham_Conference_Presentation_May_2016_Final.pdf (accessed April 6, 2016).
[11] *See* http://files.shareholder.com/downloads/SHUT/2193147151x0x891688/1FFF6609-8464-48E8-9248-46D64EA621E1/Shutterfly_Conference_Presentation_May_2016.pdf (accessed April 6, 2016).

but altogether fails to disclose to anyone that it collects and stores sensitive biometric identifiers in the process.

24. Unbeknownst to the average consumer, and in direct violation of § 15(b)(1) of BIPA, Shutterfly's proprietary[12] facial recognition technology locates each and every face appearing in each and every photo uploaded to its service from within the state of Illinois, and then, based on the unique points and contours of each face, extracts scans of face geometry (*i.e.,* biometric identifiers) from each person appearing in each photo, including non-users – all without ever informing anyone of this practice.

25. The "tag suggestion" feature of Shutterfly – which prompts a user to "tag" a pre-selected name to a particular face – works by comparing the scans of face geometry of individuals who appear in newly-uploaded photos against the scans of face geometry already saved in Shutterfly's face database. Specifically, when a Shutterfly user uploads a new photo, Shutterfly's sophisticated facial recognition technology collects a scan of face geometry from each person whose face is depicted in the photo, without regard for whether that person is a user of Shutterfly, and then compares that scan of face geometry against Shutterfly's face database. If no match is found, the user is prompted to "tag" (*i.e.*, identify by name) a person to that face, at which point the scan of face geometry and corresponding name identification are saved in Shutterfly's face database. However, if a scan of face geometry is generated that matches a scan of face geometry already in Shutterfly's face database, then Shutterfly suggests that the user "tag" to that face the name already associated with that face.

26. These unique biometric identifiers are not only collected and used by Shutterfly to identify individuals by name, but also to recognize their gender, age, race and location. Accordingly,

---

[12] Shutterfly holds several patents covering its facial recognition technology that detail its illegal process of collecting and storing scans of face geometry without obtaining informed written consent.

8

FILED DATE: 6/11/2019 2:27 PM 2019CH07050

Shutterfly also collects "biometric information" from individuals appearing in user-uploaded photos. *See* 740 ILCS 14/10.

27. In direct violation of §§ 15(b)(2) and 15(b)(3) of BIPA, Shutterfly never informed anyone appearing in photos uploaded within the state of Illinois of the specific purpose and length of term for which their biometric identifiers or information would be collected, stored and used, nor did Shutterfly obtain a written release from any of these individuals.

28. In direct violation of § 15(a) of BIPA, Shutterfly does not have written, publicly available policies identifying its retention schedules, or guidelines for permanently destroying individuals' biometric identifiers or information.

**IV. Plaintiffs' Experiences**

29. Upon upload of the photographs of Plaintiffs, Shutterfly automatically detected and located Plaintiff' faces, analyzed the geometric data relating to the unique contours of his face and the distances between their eyes, nose, and ears, and used that data to extract and collect Plaintiffs' scan of face geometry and related data (*i.e.*, their biometric identifiers).

30. The scan of face geometry extracted, collected, and stored from Plaintiffs' photographs were also used by Shutterfly to recognize Plaintiffs' biometric information such as gender, age, race, and location.

31. Plaintiffs never consented, agreed, or gave permission – written or otherwise – to Shutterfly for the collection or storage of their face geometry (*i.e.*, their biometric identifiers) or their associated biometric information.

32. Further, Shutterfly never provided Plaintiffs with, nor did they ever sign, a written release allowing Shutterfly to collect or store scans of face geometry or associated biometric information.

9

33. Likewise, Shutterfly never provided Plaintiffs with an opportunity to prohibit or prevent the collection, storage, or use of their face geometry or associated biometric information.

## CLASS ALLEGATIONS

34. **Class Definition**: Plaintiffs bring this action pursuant to 735 ILCS 5/2-801, individually and on behalf of a class of similarly situated individuals, defined as follows (the "Class"):

> All Illinois citizens who had their biometric identifiers, including scans of face geometry and related biometric information, collected, captured, received, or otherwise obtained by Shutterfly from photographs uploaded to Shutterfly within the state of Illinois.

The following are excluded from the Class: (1) any Judge presiding over this action and members of his or her family; (2) Shutterfly, Shutterfly's subsidiaries, parents, successors, predecessors, and any entity in which a Shutterfly or its parent has a controlling interest (as well as its current or former employees, officers and directors); (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Shutterfly's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

35. **Numerosity**: The number of persons within the Class is substantial, believed to amount to thousands or even millions of persons. It is, therefore, impractical to join each member of the Class as named plaintiffs. Further, the size and relatively modest value of the claims of the individual members of the Class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation.

36. **Commonality and Predominance**: There are well-defined common questions of fact and law that exist as to all members of the Class and that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary

10

from Class member to Class member, and which may be determined without reference to the individual circumstances of any class member include, but are not limited to, the following:

 (a) whether Shutterfly collected or otherwise obtained Plaintiffs' and Class members' biometric identifiers or biometric information;

 (b) whether Shutterfly properly informed Plaintiffs and the Class that they collected, used, and stored their biometric identifiers or biometric information;

 (c) whether Shutterfly obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiffs' and Class members' biometrics identifiers or biometric information;

 (d) whether Shutterfly developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometrics information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of its last interaction, whichever occurs first;

 (e) whether Shutterfly used Plaintiffs' and Class members' biometric identifiers or biometric information to identify them; and

 (f) whether Shutterfly's violations of BIPA were committed intentionally, recklessly, or negligently.

37. **Adequate Representation**: Plaintiffs have retained and are represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiffs and their counsel are committed to vigorously prosecuting this class action. Neither Plaintiffs nor their counsel has any interest adverse to, or in conflict with, the interests of the absent members of the Class. Plaintiffs are able to fairly and adequately represent and protect the interests of such a Class. Plaintiffs have raised viable statutory claims of the type reasonably expected to be raised by members of the Class, and will vigorously pursue those claims. If necessary, Plaintiffs may seek leave of this Court to amend this Class Action Complaint to include additional Class representatives to represent the Class, additional claims, or amend the Class definition as may be appropriate.

38. **Superiority**: A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class

11

members is impracticable. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compel compliance with BIPA.

**FIRST CAUSE OF ACTION**
**Violation of 740 ILCS 14/1, *et seq.***
**(On Behalf of Plaintiff and the Class)**

39. Plaintiffs incorporate all foregoing factual allegations herein.

40. BIPA makes it unlawful for any private entity to, among other things, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b) (emphasis added).

41. Shutterfly is a Delaware corporation and thus qualifies as a "private entity" under the BIPA. *See* 740 ILCS 14/10.

42. Plaintiffs and Class members are Illinois citizens who had their "biometric identifiers" collected and stored by Shutterfly's facial recognition software, in the form of their scans of face geometry extracted from digital photographs uploaded within the State of Illinois. *See* 740 ILCS 14/10.

43. Plaintiffs and Class members are Illinois citizens who had their "biometric information" collected by Shutterfly, in the form of their gender, age, race, and location, through Shutterfly's collection and use of their "biometric identifiers" within the State of Illinois.

44. Shutterfly systematically and automatically collected, used, and stored Plaintiffs' and Class members' biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS 14/15(b)(3).

45. In fact, Shutterfly failed to properly inform Plaintiffs or the Class in writing that their biometric identifiers and/or biometric information were being collected and stored, nor did they inform Plaintiffs and Class members in writing of the specific purpose and length of term for which their biometric identifiers and/or biometric information were being collected, stored, and used, as required by 740 ILCS 14/15(b)(1)-(2).

46. In addition, Shutterfly does not publicly provide a retention schedule or guidelines for permanently destroying the biometric identifiers and/or biometric information of Plaintiffs or Class members, as required by BIPA. *See* 740 ILCS 14/15(a).

47. Upon information and belief, Shutterfly is failing to store and protect from disclosure the biometric identifiers and biometric information of Plaintiffs and Class members by failing to exercise a reasonable standard of care within Shutterfly's industry, and in a manner at least as protective as the manner in which the business stores, transmits, and protects other confidential and sensitive information.

13

48. Upon information and belief, Shutterfly is selling, leasing, trading, or otherwise profiting from Plaintiffs' and Class members' biometric identifiers and/or biometric information.

49. By collecting, storing, and using Plaintiffs' and Class members' biometric identifiers and/or biometric information as described herein, Shutterfly violated the rights of Plaintiffs and each Class member to privacy in their biometric identifiers and biometric information, as expressly set forth by the Illinois legislature in the enacting provisions of BIPA, 740 ILCS 14/1, *et seq.* Moreover, the conduct of Shutterfly as described herein has uniformly increased Plaintiffs' and each Class member's risk of identity theft and financial harm.

50. On behalf of himself and the proposed Class members, Plaintiffs seek: (1) injunctive and equitable relief as is necessary to protect the interests of Plaintiffs and the Class by requiring Shutterfly to comply with BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein; (2) statutory damages of $5,000.00 for each and every intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20; or, alternatively, (2) statutory damages of $1,000.00 pursuant to 740 ILCS 14/20(1) if the Court finds that Shutterfly's violations were negligent; and (3) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of the proposed Class, respectfully request that this Court enter an Order:

A. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiffs as representatives of the Class, and appointing their counsel as Class Counsel;

B. Declaring that Shutterfly's actions, as set out above, violate BIPA, 740 ILCS l4/1, *et seq.*;

14

FILED DATE: 6/11/2019 2:27 PM 2019CH07050

  C. Awarding statutory damages of $5,000.00 for each and every intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 for each and every negligent violation of BIPA pursuant to 740 ILCS 14/20(1) if the Court finds that Shutterfly's violations were negligent;

  D. Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia*, an order requiring Shutterfly to collect, store, and use biometric identifiers or biometric information in compliance with BIPA;

  E. Awarding Plaintiffs and the Class their reasonable litigation expenses and attorneys' fees;

  F. Awarding Plaintiffs and the Class pre- and post-judgment interest, to the extent allowable; and

  G. Awarding such other and further relief as equity and justice may require.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury for all issues so triable.

Respectfully submitted,

Dated: June 11, 2019  By: */s/ Katrina Carroll*
  Katrina Carroll
  kcarroll@carlsonlynch.com
  Kyle A. Shamberg
  kshamberg@carlsonlynch.com
  **CARLSON LYNCH LLP**
  111 W. Washington Street, Suite 1240
  Chicago, Illinois 60602
  Telephone: (312) 750-1265
  Firm Code: 63746

  Tina Wolfson*
  twolfson@ahdootwolfson.com
  Theodore Maya*
  tmaya@ahdootwolfson.com
  Bradley King*

FILED DATE: 6/11/2019 2:27 PM   2019CH07050

bking@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, California 90024
Telephone: (310) 474-9111
Facsimile: (310) 474-8585

David P. Milian*
dmilian@careyrodriguez.com
**CAREY RODRIGUEZ MILIAN GONYA, LLP**
1395 Brickell Avenue, Suite 700
Miami, Florida 33131
Telephone: (305) 372-7474
Facsimile:  (305) 372-7475

*Pro Hac Vice Application Forthcoming*

*Counsel for Plaintiffs and the Putative Class*

16