UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| VERNITA MIRACLE-POND and SAMANTHA PARAF, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SHUTTERFLY, INC.,<br><br>Defendant. | Civil Action No. 1:19-cv-4722<br><br>District Judge Mary M. Rowland |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR BRIEFING SCHEDULE ON PLAINTIFFS' MOTION FOR CURATIVE MEASURES**

Plaintiffs file this Response in Opposition to Defendant Shutterfly's improperly-filed Motion for Briefing Schedule on Plaintiffs' Motion for Curative Measures. Defendant's Notice of Motion was filed on Tuesday, December 3, 2019, with a stated presentment date of Thursday, December 5, 2019, thereby violating this Court's rule requiring three business days' notice for civil motions. For this reason alone, Shutterfly's Motion should be rejected or summarily denied by the Court.

In addition, Shutterfly's Motion for Briefing Schedule unreasonably and vexatiously multiplies the proceedings in this case. The Motion requests entry of a briefing schedule on Plaintiffs' Motion for Curative Measures, which is itself scheduled for

presentment on December 5, 2019 at 9:45 a.m., less than two days hence. As Shutterfly surely knows, the setting of a briefing schedule for Plaintiffs' Motion for Curative Measures is one of the purposes of the presentment hearing. *See, e.g., Vega v. Chicago Park Dist.*, 351 F. Supp. 3d 1078, 1097 (N.D. Ill. 2018) (ordering party to submit a motion "properly noticed for presentment, so that the Court may set an appropriate briefing schedule at the presentment hearing, if necessary."); *Foreman v. King*, No. 12 CV 50419, 2013 WL 4482612, at *2 (N.D. Ill. Aug. 20, 2013) ("If the Defendants decide to file a motion to dismiss, the briefing schedule will be set at the presentment of that motion."). Thus, Shutterfly's Motion for Briefing Schedule is wholly superfluous and duplicative of the already-scheduled presentment hearing, an apparent attempt by Defendant to gain a tactical advantage by making its argument regarding the briefing schedule to the Court prior to the presentment hearing and, in addition, requiring Plaintiffs to file this Response. Shutterfly's "sharp practice" should be rejected by the Court.

Regarding the substance of Defendant's Motion, Shutterfly's request for 45 days to respond to Plaintiffs' Motion for Curative Measures is excessive and unwarranted, particularly given the subject of Plaintiffs' Motion for Curative Measures, which seeks Court intervention to undo the prejudice that Shutterfly caused the putative class members to suffer when it unilaterally sent an email in September 2019 ("the Email"), purportedly requiring class members to agree to an arbitration agreement covering the issues raised in is action. (ECF 38-1.) Indeed, as Plaintiffs conveyed to Defendant's counsel, an expedited briefing is warranted on Plaintiffs' Motion because the passage of time will exacerbate the effects of Shutterfly's improper, misleading and prejudicial communication.

Shutterfly's Email, sent while this litigation was pending, purported to give class members notice of Shutterfly's arbitration clause and then require them to arbitrate

individually the claims raised in this pending class action if they failed to close their Shutterfly accounts or "otherwise continue[d] to use [Shutterfly's] websites and/or mobile applications." (*Id*.) Shutterfly contends that "no putative class members have been 'harmed' [because] [a]t this point in the litigation, Shutterfly has only moved to enforce its arbitration rights with respect to Ms. Miracle-Pond." Motion at 3. This is simply not true. The September 2019 email, sent to all class members, was inadequate, improper, misleading, and deceptive with regard to the effect of class members failing to close their Shutterfly accounts and their rights to participate in this lawsuit as plaintiffs or potential class members. They have been harmed and the passage of time will only exacerbate the effects of the confusing and misleading communication by Shutterfly. In addition, Shutterfly's use of the phrase "at this point in the litigation" clearly implies its future intention to attempt to drive all class members out of this action and into arbitration.

An expedited briefing schedule is warranted on Plaintiffs' Motion for Curative Measures also because any delay in the briefing of that Motion will delay the Court's consideration of Shutterfly's Motions to Compel Arbitration and to Dismiss, which will be fully briefed as of December 5, 2019. Plaintiffs' Motion for Curative Measures is integrally tied to Shutterfly's Motion to Compel Arbitration because Shutterfly's Motion is based in part on its claim that Ms. Miracle-Pond "accepted Shutterfly's arbitration clause . . . by choosing not to close her account after receiving [the September] email notice of the clause." (ECF 19 at 10.) It is critical that Plaintiffs' Motion for Curative Measures be decided before, or contemporaneously with, Shutterfly's Motion to Compel. Thus, the extended briefing schedule proposed by Shutterfly will necessarily delay the Court's consideration of Shutterfly's pending motions.

3

Plaintiffs have been diligent in pursuing curative measures since learning of Shutterfly's improper and misleading September Email, which Shutterfly disclosed for the first time in its Memorandum in Support of Motion to Compel Arbitration and Stay Litigation (ECF 21), filed on October 3, 2019. Even while drafting responses to Shutterfly's separate Motions to Dismiss and to Compel Arbitration, Plaintiffs requested to meet and confer regarding curative measures on October 22, 2019. The meet and confer was held on October 30, 2019. Prior to the meet and confer, Plaintiffs informed Shutterfly in writing of the specific types of curative measures Plaintiffs were seeking and the legal basis for their request. Shutterfly responded to Plaintiffs' request for curative measures on November 11, 2019. Plaintiffs responded to Shutterfly the same day and received Shutterfly's reply on November 15, 2019. Plaintiffs filed their Motion for Curative Measures on November 26, 2019, after informing Shutterfly's counsel on November 22 of both the anticipated filing date and presentment date.

After receiving Shutterfly's request for 45 days to respond to Plaintiffs' Motion for Curative Measures, Plaintiffs informed Shutterfly on the next business day that they would agree to December 12, 2019 as the date for Shutterfly to respond to the motion, with Plaintiffs' reply due December 19, 2019. This proposed schedule is fair and reasonable and imposes no hardship; it allows Shutterfly 16 days from the date the motion was filed to respond (or 14 days excluding the Thanksgiving holiday), and includes neither Christmas nor Hanukkah. That Shutterfly has two reply briefs due during this period is hardly a compelling reason to extend the briefing schedule – Shutterfly was recently valued at $2.7 billion and its counsel in this matter employs approximately 600 lawyers and, as mentioned above, Plaintiffs pursued curative measures while responding to two dispositive motions by Shutterfly. Most importantly, Plaintiffs' Motion for Curative Measures was

4

filed to address a serious impropriety by Shutterfly resulting in real prejudice to putative class members in this case only after Shutterfly refused to negotiate with Plaintiffs regarding possible curative measures without requiring the Court's intervention. A futher delay in the Court's consideration of this Motion would result in additional prejudice to class members and unnecessary delay in the case as a whole.

    For the foregoing reasons, Plaintiffs respectfully request that Defendant Shutterfly's Motion for Briefing Schedule on Plaintiffs' Motion for Curative Measures be rejected or denied by the Court. If the Court is inclined to issue a briefing schedule prior to the presentment scheduled on December 5, 2019, Plaintiffs request December 12, 2019 as the date for Shutterfly to respond to Plaintiffs' Motion for Curative Measures, with Plaintiffs' reply due December 19, 2019.

DATED: December 3, 2019　　　　　　　　　　Respectfully submitted,

By: s/ Henry J. Kelston

AHDOOT & WOLFSON, PC
Tina Wolfson (*pro hac vice*)
*twolfson@ahdootwolfson.com*
Henry J. Kelston
*hkelston@ahdootwolfson.com*
10728 Lindbrook Drive
Los Angeles, CA 90024
Tel: (310) 474-9111

CAREY RODRIGUEZ MILIAN GONYA, LLP
David P. Milian (*pro hac vice*)
*dmilian@careyrodriguez.com*
1395 Brickell Ave. Suite 700
Miami, FL 33131
Tel: (305) 372-7474

>CARLSON LYNCH, LLP
>Katrina Carroll
>*kcarroll@carlsonlynch.com*
>111 West Washington Street, Suite 1240
>Chicago, IL 60602
>Tel: (312) 750-1265
>
>*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2019, I caused a true and correct copy of the foregoing **PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR BRIEFING SCHEDULE ON PLAINTIFFS' MOTION FOR CURATIVE MEASURES** to be served upon counsel of record for Defendant by ECF in accordance with Fed. R. Civ. P. 5(b)(2).

>By: */s/ Henry J. Kelston*
>Henry J. Kelston
>
>AHDOOT & WOLFSON, PC
>*hkelston@ahdootwolfson.com*
>10728 Lindbrook Drive
>Los Angeles, CA 90024
>Tel: (310) 474-9111