UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VERNITA MIRACLE-POND and SAMANTHA PARAF, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SHUTTERFLY, INC.,<br><br>Defendant. | Civil Action No. 1:19-cv-4722<br><br>District Judge Mary M. Rowland |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

Without seeking leave of Court, plaintiffs have submitted a non-binding district court order from New York, *OConner v. Agilant Solutions, Inc.*, 2020 WL 1233749 (S.D.N.Y. Mar. 12, 2020), in support of their pending motion for curative measures (Dkt. No. 38). That order is not persuasive authority under the circumstances here.

In *OConner*, the plaintiff technicians had filed a putative class and collective action under the Fair Labor Standards Act against their employer, Agilant Solutions. 2020 WL 1233749, at *1. Over a year after the action was filed, after the plaintiffs moved for conditional certification and before the court granted that motion, Agilant presented each technician with an agreement requiring arbitration of disputes "as a condition of employment," and directed its managers to obtain immediate signatures from the technicians. *Id.* at *1-2 (internal quotation marks and emphasis omitted). Within two business days, the manager had obtained all but two putative class members' signatures. *Id.* Neither the agreements nor the managers disclosed the pendency of the action or that the agreement precluded participation in it. *Id.* And internal emails

indicated that management was worried that "the holdouts were waiting to join th[e] litigation," and might already be in contact with the lead plaintiffs' counsel. *Id.* at *3 (internal quotation marks omitted). On this record, the court held that Agilant's implementation of its arbitration program was "improper and misleading" under Federal Rule of Civil Procedure 23(d), ruled that the arbitration agreements were "not enforceable . . . in this action," and directed that curative notice be sent "apprising putative plaintiffs of their right to join this lawsuit." *Id.* at *5, 9. For several reasons, *OConner* does not support plaintiffs' request for curative measures here.

*First*, in *OConner*, Agilant implemented an entirely *new* arbitration program. *Id.* at *1-2. By contrast, in this case, Shutterfly merely updated its *existing* arbitration clause, which already covered the claims asserted in this action; Shutterfly did *not* add a new arbitration clause or even expand the scope of its existing clause, which had been part of its Terms of Use since 2015—over four years before this lawsuit was even filed. Dkt. No. 47, at 3-5.

*Second*, the *OConner* court concluded that Agilant "instituted its novel arbitration policy for the purpose of foreclosing plaintiffs from participating in this litigation," and noted that the "evidence also suggests that [Agilant] management instituted the new policy in bad faith[.]" 2020 WL 1233749, at *5. But Shutterfly plainly did not implement its arbitration program *in 2015* in response to plaintiffs' *2019 lawsuit*. And Shutterfly sent the challenged Terms update to *all* of its customers nationwide; the Terms update was not targeted at the putative class of Illinois customers. Dkt. No. 47, at 4.[1]

---

[1] Even under these extreme and distinguishing circumstances, the *OConner* court in fact *rejected* purportedly curative measures akin to the ones that plaintiffs seek here. For example, although plaintiffs here demand that Shutterfly's arbitration provision and the enire 2019 Terms update be declared categorically unenforceable, the *OConner* court emphasized that its "holding is narrow. The Court does not rule on the Arbitration Agreement's viability as to the Defendant's other employees, nor on its preclusive effect upon other potential collective actions." 2020 WL 1233749, at *9. It held that remedy would be limited to "the narrowest

*Third*, in *OConner*, the court already had granted the plaintiffs' motion for conditional certification. 2020 WL 1233749, at *1, 9. By contrast, plaintiffs here have not shown and cannot show that their putative class could ever be certified. Dkt. No. 47, at 12-13.

DATED: March 20, 2020                    Respectfully submitted,

                                                    By: */s/ Lauren R. Goldman*

MAYER BROWN LLP
Lauren R. Goldman
Michael Rayfield*
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 506-2647
lrgoldman@mayerbrown.com
mrayfield@mayerbrown.com

John Nadolenco*
350 South Grand Avenue
25th Floor
Los Angeles, CA 90071
Telephone: (213) 229-9500
jnadolenco@mayerbrown.com

Matthew D. Provance
71 S. Wacker Drive
Chicago, IL 60606
mprovance@mayerbrown.com
Telephone: (312) 782-0600

*Admitted pro hac vice

*Attorneys for Defendant Shutterfly, In*c.

---

possible relief that will protect the parties," concluding that the plaintiffs' other proposals would be either "unrealistic" or "unnecessary." *Id.* at *9.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of March 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Parties may access this filing through the court's CM/ECF System.

*/s/ Lauren R. Goldman*
Lauren R. Goldman
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
Tel: (212) 506-2373
Fax: (212) 849-5973
Email: lrgoldman@mayerbrown.com
